# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| JUAN CARLOS LOPEZ CRUZ,<br><br>    Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and TRUHOME SOLUTIONS, LLC<br><br>    Defendants. | Case No.: 8:26-cv-00271<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Juan Carlos Lopez Cruz ("Plaintiff") brings this action on an individual basis, against Experian Information Solutions, Inc. ("Experian") and TruHome Solutions, LLC ("TruHome") (collective the "Defendants") for actual, statutory, and punitive damages and costs, and attorney's fees, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et. seq.*, arising out of the mixing Plaintiff's credit file with that of another consumer.

## PARTIES

1. Plaintiff is a natural person residing in Gibsonton, Florida, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

2. Defendant Experian is a consumer reporting agency, as defined in 15 U.S.C. § 1681a(f), which maintains a principal place of business at 475 Anton Boulevard Costa Mesa, California, and is authorized to do business in the State of California, including

within this District. Experian can be served at it's registered agent for service CT Corporation System at 330 North Brand Boulevard, Glendale, California 91203.

3. Defendant TruHome is a Furnisher, as defined in 12 CFR 1022.41, which maintains a principal place of business located at 6330 Sprint Parkway, Suite 200, Overland Park, KS 66211 and is authorized to do business in the State of California, including within this District. TrueHome can be served at its Registered Agent for Service CT Corporation at 1200 Suoth Pine Island Road, Plantation, FL 33324

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

### Plaintiff's Applies for Credit with Capital One in March 2024

6. In or around January 2021, Plaintiff discovered that he had been the victim of Identity Theft.

7. Distraught by the news, Plaintiff endeavored to be able to rebuild and maintain his financial stability and credit reputation.

8. To that end, in or around March 25, 2024, Plaintiff made the decision to apply for a credit card with non-party Capital One.

9. For Capital One to evaluate Plaintiff's creditworthiness, it would need to perform a review of his credit file.

10. To facilitate the evaluation process, Plaintiff authorized the release of his consumer reports to Capital One.

11. On or around March 25, 2024, Experian sold a consumer report about Plaintiff to Capital One.

12. On or around March 25, 2024, Capital One received and reviewed Experian's consumer report about Plaintiff.

13. On or around March 25, 2024, Capital One denied Plaintiff's credit application.

## Plaintiff's Mixed Credit File

14. Plaintiff was shocked and distraught by the March 2024 credit denial from Capital One.

15. Plaintiff had been hoping to rebuild his credit in order to be able to apply for a mortgage.

16. In preparation for his mortgage application, Plaintiff requested a copy of his credit file from Defendant Experian.

17. On or about July 29, 2024, Plaintiff obtained a copy of his Experian credit file.

18. Upon reviewing the contents of the Experian credit file, Plaintiff was confused by the appearance of several pieces of information that did not belong to Plaintiff at all.

19. Specifically, Defendant was reporting an unfamiliar credit card account with TD Bank described as follows:

  (a)  TD Bank NA
     Account No.: 483950XXXXXXXXXX
     Date opened: Jan 13, 2021
     Status: Open/Never late.

20. Plaintiff has never applied for or opened any credit card account with TD Bank N.A. and has never conducted any business with that financial institution.

21. Defendant was also reporting numerous hard inquiries with TD Bank and Wells Fargo Bank which did not belong to Plaintiff.

22. Further, Defendant was reporting the following personal identifying information which did not belong to Plaintiff (the "Inaccurate Identifiers"):

  (a)  the name "JUAN CARLOS MENDEZ LOPEZ"; and

  (b)  the address 710 N Spruce St, Wilmington, DE 19801-4225

  (c)  the address 215 N Van Buren St, Wilmington, DE 19805-3658

23. Upon information and belief, Defendant reported the aforementioned inaccurate information to Capital One in Plaintiff's March 2024 credit application.

24. By reporting the aforementioned credit account and other personal information in the credit file presumably about Plaintiff, despite the fact that the accounts and information do not belong to Plaintiff, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's credit files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

25. To further confirm the extent of the inaccurate reporting, Plaintiff requested an updated copy of his Experian file in August 2024.

26. On or about August 6, 2024, Plaintiff obtained the new Experian report and was alarmed to find that, in addition to the TD Bank credit account, Experian had added another account that Plaintiff did not recognize or authorize:

    (a)    DEL-ONE/TRUHOME
              Account number: 295202XXXXXXX
              Date opened: Feb 23, 2024
              Status: Open/Never late.

    (b)    TD Bank NA
              Account No.: 483950XXXXXXXXXX
              Date opened: Jan 13, 2021
              Status: Open/Never late.

27. Plaintiff has never financed or purchased any real property, has never had any mortgage account with DEL-ONE Federal Credit Union or TruHome Solutions.

28. Further, Experian was still reporting numerous hard inquiries with TD Bank and Wells Fargo Bank which did not belong to Plaintiff.

29. Further, the same information appearing in Plaintiff's July 2024 Experian report also appeared in the August 6, 2024, report, both of which reflected the Inaccurate Identifiers, as follows:

    (a) the alias "JUAN CARLOS MENDEZ-LOPEZ," listed under the "Also Known As" section of the reports; and

    (b) the address 710 N. Spruce St., Wilmington, DE 19801-4225.

30. Upon information and belief, the aforementioned TD Bank Account, DEL-ONE/TRUHOME Mortgage (the "Inaccurate Accounts"), hard inquiries with TD Bank and Wells Fargo Bank (the "Inaccurate Inquiries") and Inaccurate Identifiers belong to a completely different consumer other than Plaintiff (the "Non-Consumer")

31. Upon information and belief, Experian mixed Plaintiff's credit file with the Non-Consumer who has an entirely different name, social security number, date of birth, and address than Plaintiff.

### Plaintiff's Applies for Credit with Capital One in April 2025

32. Still desperate to build his credit back up, Plaintiff continued to apply for credit opportunities.

33. On or around April 9, 2025, Plaintiff applied for credit with Capital One.

34. For Capital One to evaluate Plaintiff's creditworthiness, it would need to perform a review of his credit file.

35. To facilitate the evaluation process, Plaintiff authorized the release of his consumer reports to Capital One.

36. On or around March 25, 2024, Experian sold a consumer report about Plaintiff to Capital One.

37. On or around March 25, 2024, Capital One received and reviewed Experian's consumer report about Plaintiff.

38. On or around March 25, 2024, Capital One denied Plaintiff's credit application.

39. Upon information and belief, Defendant reported the aforementioned inaccurate information to Capital One in Plaintiff's April 2025 credit application.

40. By reporting the aforementioned credit account and other personal information in the credit file presumably about Plaintiff, despite the fact that the accounts and information do not belong to Plaintiff, Defendant failed to follow reasonable

procedures to assure the maximum possible accuracy of the information contained within Plaintiff's credit files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

### Plaintiff Contacts Experian in April 2025

41. On or about April 22, 2025, concerned about the continued presence of the Inaccurate Accounts and Inaccurate Identifiers on his Experian consumer report, Plaintiff contacted Defendant Experian by telephone to report that his credit file contained accounts and information that did not belong to him.

42. During the call, Plaintiff identified the Inaccurate Accounts, Inaccurate Inquiries, and the Inaccurate Identifiers and requested that Experian investigate and remove the inaccurate information.

43. On or about April 23, 2025, Experian issued written confirmation acknowledging receipt of Plaintiff's identity-theft concerns and confirming that it had placed an initial fraud alert on his credit file.

44. However, Experian failed to take further action to remove the Inaccurate Accounts and Inaccurate Identifiers appearing on Plaintiff's Experian credit file.

### Plaintiff Disputes with Experian in May 2025

45. Concerned about the far-reaching effects of having the Non-Consumer's information reported on his credit report, Plaintiff decided to dispute directly with Experian.

46. On or around May 1, 2025, Plaintiff submitted a direct dispute with Experian through Experian's online portal.

47. In his dispute, Plaintiff specifically disputed the Inaccurate Accounts, Inaccurate Inquiries, and Inaccurate Identifiers.

48. Plaintiff supplied all information reasonably necessary to enable Experian to confirm that these accounts did not belong to him.

49. Upon information and belief, Defendant Experian sent Defendant TruHome an automated credit dispute verification ("ACDV") pursuant to Plaintiff's May 2025 dispute to Defendant Experian.

50. On or about May 15, 2025, Experian responded to Plaintiff's dispute stating that the DEL-ONE / TruHome mortgage had been verified by the furnisher and would remain on Plaintiff's credit report.

51. Subsequently, Plaintiff filed an Identity Theft Report with FTC on or about May 21, 2025.

52. On May 27, 2025, Experian sent Plaintiff an updated consumer report, in which the Experian had only partially corrected their reporting.

53. Specifically, Experian was still reporting the inaccurate TruHome Mortgage and some of the Inaccurate Identifiers, including an unfamiliar telephone number.

54. Experian had only removed the Inaccurate TD Bank Account, Inaccurate Inquiries, and some, but not all, of the Inaccurate Identifiers from Plaintiff's report.

55. Defendant Experian failed to adequately review all of the information provided to it by Plaintiff.

56. Defendant Experian failed to reinvestigate Plaintiff's May 2025 dispute and failed to remove all the disputed information.

57. Defendant Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of Plaintiff's April 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

58. Defendant TruHome violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to recognize that the disputed information did not belong to Plaintiff.

**Plaintiff Disputes with Experian in June 2025**

59. On or around June 7, 2025, Plaintiff submitted another dispute with Defendant Experian.

60. Plaintiff was desperate to have all the inaccurate information removed from his account so that he could finally move on with his plans to obtain a mortgage.

61. Plaintiff supplied all information reasonably necessary to enable Experian to confirm that these accounts did not belong to him.

62. Upon information and belief, Defendant Experian sent Defendant TruHome an automated credit dispute verification ("ACDV") pursuant to Plaintiff's June 2025 dispute to Defendant Experian.

63. On or about June 14, 2025, Experian responded to Plaintiff's dispute stating that the DEL-ONE / TruHome mortgage had been verified by the furnisher and would remain on Plaintiff's credit report.

64. Defendant Experian failed to adequately review all of the information provided to it by Plaintiff.

65. Defendant Experian failed to reinvestigate Plaintiff's May 2025 dispute and failed to remove all the disputed information.

66. Defendant Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of Plaintiff's April 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

67. Defendant TruHome violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to recognize that the disputed information did not belong to Plaintiff.

### Plaintiff's Applies for Credit with Suncoast Credit Union in July 2025

68. Still desperate to apply for and build his credit, Plaintiff continued to search for credit opportunities.

69. In or around early July 2025, Plaintiff submitted an application for credit with non-party Suncoast Credit Union ("Suncoast").

70. For Suncoast to evaluate Plaintiff's creditworthiness, it would need to perform a review of his credit file.

71. To facilitate the evaluation process, Plaintiff authorized the release of his consumer reports to Suncoast.

72. On or around July 6, 2025, Experian sold a consumer report about Plaintiff to Suncoast.

73. On or around July 6, 2025, Suncoast received and reviewed Experian's consumer report about Plaintiff.

74. On or around July 6, 2025, Suncoast denied Plaintiff's credit application.

75. In their adverse action notice, Suncoast explained to Plaintiff that their decision was based on information reported by Experian, which included the inaccurate information.

76. By continuously reporting the aforementioned mortgage account and other personal information in the credit file presumably about Plaintiff, despite the fact that the mortgage account and information do not belong to Plaintiff, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's credit files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

## Plaintiff's Disputes with Experian in July 2025

77. On or around July 30, 2025, concerned that Defendant Experian would continue to publish the inaccurate TruHome mortgage account despite multiple prior disputes, Plaintiff submitted a detailed written dispute to Experian.

78. In his dispute, Plaintiff expressly identified the inaccurate TruHome mortgage account did not belong to him and should be removed from his consumer report.

79. On the same date, Plaintiff sent a direct dispute to Defendant TruHome with the same information provided to Experian in his July 2025 dispute.

80. Plaintiff supplied all information reasonably necessary to enable Experian to confirm that these accounts did not belong to him.

81. On or around August 16, 2025, Experian notified Plaintiff that they had received his dispute.

82. On September 2, 2025, Experian sent Plaintiff an updated consumer report in which they had finally removed the TruHome mortgage account after months of disputing the information.

83. By removing the inaccurate TruHome mortgage account from Plaintiff's credit report, Defendants acknowledged it does not belong to Plaintiff and should not have been reported.

84. Nonetheless, they continued to report the inaccurate information for months and did not remove it until Plaintiff's third dispute.

## Plaintiff's Damages

85. At all relevant times, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

86. Defendants are aware of the shortcomings of their procedures and intentionally choose not to comply with the FCRA to lower its costs. Accordingly, Defendants' violations of the FCRA were willful.

87. The inaccurate information remained on Plaintiff's file for months despite his persistent efforts to have it corrected, resulting in further financial setbacks and personal humiliation.

88. This situation has caused not only financial harm but also psychological and emotional trauma, severely impacting the Plaintiff's mental health, stability, and dignity.

89. Plaintiff had hoped to be able to apply for a mortgage of his own, but was chilled from doing so by Defendants' continued inaccurate reporting and failure to perform a reasonable reinvestigation of Plaintiff's disputes.

90. Further, the financial strain caused by the negative impact on Plaintiff's credit has further burdened his emotional state and left him distressed and worried.

91. As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of his right to keep his private financial information confidential; the loss of his right to information about who was viewing his private financial information and how his private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

## CLAIMS FOR RELIEF
### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
### (First Claim for Relief Against Defendant Experian)

92. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

93. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

94. On at least one occasion, Defendant Experian prepared patently false consumer reports concerning Plaintiff.

95. Defendant Experian mixed another consumer's personal and credit account information into Plaintiff's credit file, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

96. Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

97. As a result of Defendant Experian's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of his right to keep his private financial information confidential; the loss of his right to information about who was viewing his private financial information and how his private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss

of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

98. Defendant Experian's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

99. Plaintiff is entitled to recover attorneys' fees and costs from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
## 15 U.S.C. § 1681i
## Failure to Perform a Reasonable Reinvestigation
## (Second Claim for Relief Against Defendant Experian)

100. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

101. The FCRA mandates that Defendant Experian conduct a reasonable reinvestigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15

U.S.C. § 1681i(a)(1). The FCRA imposes a 30-day time limit for the completion of such an investigation. *Id*.

102. The FCRA provides that if Defendant Experian conducts its reinvestigation of disputed information and confirms that the information is, in fact, inaccurate or it is unable to otherwise verify the accuracy of the disputed information, it is required to delete the item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

103. Plaintiff initiated a dispute with Defendant Experian and disputed inaccurate information reporting in his credit file and requested that Defendant Experian correct and/or delete the inaccurate, misleading, and highly damaging information belonging to an unrelated consumer.

104. Defendant Experian conducted virtually no investigation of Plaintiff's April and May 2025 dispute, or such investigation was so shoddy as to allow patently false and highly damaging information to remain in Plaintiff's credit file.

105. Plaintiff expended resources in the form of time, money, and effort to dispute the inaccurate information with Defendant Experian, to no avail.

106. Defendant Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which it received notice of Plaintiff's dispute; and by failing to maintain reasonable procedures with which to filter and verify information in Plaintiff's credit files.

107. As a result of Defendant Experian's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of his right to keep his private financial information confidential; the loss of his right to information about who was viewing his private financial information and how his private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

108. Defendant Experian's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

109. Plaintiff is entitled to recover attorneys' fees and costs from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III
## 15 U.S.C. § 1681s-2b
**Failure to Conduct an Investigation of the Disputed Information and Review of all Relevant Information Provided by the Consumer**
**(First Claim for Relief Against Defendant TruHome)**

110. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

111. Defendant TruHome refused to remove information that belonged to another consumer – namely the Disputed TruHome mortgage account..

112. Defendant TruHome violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's dispute(s), or otherwise by failing to fully and properly investigate Plaintiff's dispute(s), including but not limited to failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Defendant Experian; and, by failing to cease furnishing inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Defendant Experian.

113. As a result of Defendant TruHome's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and

embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

114. Defendant TruHome's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant TruHome was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

115. Plaintiff is entitled to recover attorneys' fees and costs from Defendant TruHome in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that Defendants negligently and/or willfully violated the FCRA;

ii. Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv. Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.


//

RESPECTFULLY SUBMITTED this 29th day of January 2026.

**CONSUMER ATTORNEYS**

<u>/s/ David Pinkhasov</u>
David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing NY 11367
T: (718) 701-4605
F: (718) 247-8020
E: dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff,*
*Juan Carlos Lopez Cruz*